IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY             PLAINTIFF

V.                                     CIVIL ACTION NO. 1:20-CV-108-SA-DAS

AN EASEMENT AND RIGHT-OF-WAY
OVER 3 ACRES OF LAND, MORE OR LESS,
IN OKTIBBEHA COUNTY, MISSISSIPPI, et al.       DEFENDANTS

ORDER AND MEMORANDUM OPINION

Tennessee Valley Authority ("TVA") initiated this eminent domain action by filing its Complaint [1] on May 27, 2020. TVA seeks a permanent easement and right-of-way across a tract of land located in Oktibbeha County, Mississippi. On July 28, 2021, TVA filed a Motion for Partial Summary Judgment on the Issue of Just Compensation [27]. Various *pro se* Defendants have filed Responses [29, 30, 31, 32, 33, 34]. The Court has reviewed all the filings, as well as the applicable authorities, and is now prepared to rule.

*Relevant Factual and Procedural Background*

In 2017, TVA commenced a project to build a new transmission line to meet the growing demand for electrical power near Starkville, Mississippi. The construction phase of the project has now been completed, and the new transmission line was placed into service during the summer of 2020. One of the properties the transmission line crosses is a 40.6-acre parcel of land. Through this condemnation action, TVA seeks to acquire a three-acre permanent easement and right-of-way across that 40.6-acre parcel.

On May 27, 2020, TVA filed its Complaint [1], Declaration of Taking [2], and Notice of Condemnation [3]. In its Declaration of Taking [2], TVA estimated that $10,350.00 would be the

appropriate amount to constitute just and liberal compensation for the easement and right-of-way sought. Accordingly, TVA deposited $10,350.00 with the Clerk of Court.

Ownership of the 40.6-acre parcel is uncertain. On this point, TVA states that "[a] title opinion prepared by TVA's Realty Services organization indicates that the last record owner of the subject property was King Hall, deceased. . . The title opinion further indicates that no further deed from, nor a probated will of King Hall was found of record; that the identity [of] some of Mr. King's heirs is known, and that current ownership of the property is uncertain because the identity of others is not." [28] at p. 3-4.

TVA now seeks partial summary judgment. TVA notes that while there are two remaining issues to be resolved in this case—(1) the amount of compensation to be awarded and (2) the apportionment of the award, at this time it only seeks summary judgment on the compensation issue.

*Applicable Standard*

"In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when a party demands a jury trial within the time to answer." *U.S. ex. Rel. Tennessee Valley Authority v. An Easement and Right-of-Way Over 0.03 Acre in Oktibbeha Cnty., Miss.*, 2019 WL 267881, at *1 (N.D. Miss. Jan. 18, 2019) (quoting FED. R. CIV. P. 71.1(h)). As with other types of cases, "[s]ummary judgment is appropriate in a condemnation case where there is no disputed issue of material fact." *Id*. (quoting *Transwestern Pipeline Co. LLC v. 46.78 Acres of Permanent Easement Located in Maricopa Cnty.*, 473 F. App'x 778, 779 (9th Cir. 2012) (additional citations omitted).

In the summary judgment context, the moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying the portions of the record it believes

demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). Then, the burden shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Easement and Right-of-Way Over 0.03 Acre in Oktibbeha Cnty.*, 2019 WL 267881, at *2 (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548).

*Analysis and Discussion*

The Fifth Amendment of the United States Constitution protects private property against takings for public use "without just compensation." U.S. Const. amend. V. "The term 'just compensation' typically means fair market value of the property on the date of the taking." *U.S. v. An Easement and Right-of-Way Over .14 Acre of Land, in Oktibbeha Cnty., Miss.*, 2019 WL 1031079, at *2 (N.D. Mis. Mar. 4, 2019) (citing *U.S. v. 564.54 Acres of Land*, 441 U.S. 506, 511-12, 514, 99 S. Ct. 1854, 60 L.Ed.2d 435 (1979)). "In cases where the United States takes an easement, just compensation is calculated by the difference between the market value of that tract before and after the taking." *Id*. (quoting *U.S. v. 8.41 Acres of Land*, 680 F.2d 388, 392 (5th Cir. 1982)).

As an initial matter, the Court notes that it must decide the issue of compensation because no party has demanded a jury trial. *See* FED. R. CIV. P. 71.1(h)(1) (noting that, in a condemnation action, the Court tries all issues, including compensation, unless a party demands a trial by jury). To support its valuation of the easement and right-of-way, TVA submitted the Declaration of Ivan J. Antal, II [26]. Antal is the Manager of Real Property Transactions in TVA's Realty Services organization. In pertinent part, Antal's Declaration states:

> 9. Before the filing of this condemnation action, TVA's Realty Services organization retained an independent Mississippi licensed

3

> real property appraiser to determine the fair market value of the easement rights. The appraisal report submitted by the independent appraiser valued the easement rights at $10,075.
>
> 10. I reviewed the appraisal report as part of my duties as TVA Manager of Real Property Transactions. Based upon my review of the appraisal report and my experience as a licensed Mississippi real estate appraiser, I determined that TVA's estimate of just and liberal compensation for the permanent easement and right-of-way taken in this action is $10,350.

[26] at p. 3.

As in previous cases of this nature, the Court finds that this evidence is sufficient to meet TVA's initial summary judgment burden as to the issue of just compensation. *See*, *e.g.*, *An Easement and Right-of-Way Over .14 Acre of Land, in Oktibbeha Cnty., Miss.*, 2019 WL 1031079 at *3.

The Court therefore turns to the filed *pro se* Responses [29, 30, 31, 32, 33, 34]. In the first Response [29], which was filed by Annie L. Young on August 26, 2021, Young represents that she agrees with TVA's position. The next Response [30] was filed by Kathy Young Lanier. In that filing, Lanier stated that she would like to receive her portion of the disbursement but did not dispute TVA's valuation. On September 9, 2021, Helen Young Hudson filed her Response [31], in which she explains her relationship to the property owner but does not contest the valuation.

The next Response [32] was filed by Whitney Cole on September 17, 2021. Cole states that she is "requesting [her] fair portion of the amount of no less than $500.00." [32]. However, other than this conclusory allegation regarding the amount of compensation she would like to receive, she does not argue that TVA's proposed valuation is inaccurate. Of course, her general allegation regarding the amount she would like to receive is insufficient to rebut a properly supported motion for summary judgment. *See*, *e.g.*, *Irvin v. Prentiss Cnty., Miss.*, 2020 WL 5571040, at *2 (N.D. Miss. Sept. 17, 2020) (citation omitted) ("If the defendants' motion is

supported by evidence, the plaintiff cannot discharge his burden by alleging mere legal conclusions; instead, he must present affirmative evidence in order to defeat a properly supported motion for summary judgment."). In addition, Twanda Cole's Response [33] states that she desires an amount "of not less than $250.00 for I feel this is fair." [33]. This conclusory assertion fails for the same reason noted above. The last Response [34] was filed by Shirley Hall, who requests that she personally receive no less than $250.00. Again, this conclusory assertion is insufficient.

The United States Supreme Court has made clear that "just compensation must be measured by an objective standard that disregards subjective values which are only of significance to an individual owner." *U.S. v. 50 Acres of Land*, 469 U.S. 24, 35, 105 S. Ct. 451, 83 L.Ed.2d 376 (1984). Through Antal's Declaration [26], TVA has provided sufficient objective evidence to support its valuation of the easement and right-of-way. TVA's request for judgment on the issue of just compensation is GRANTED. The Court accepts its valuation of $10,350.00 for the subject permanent easement and right-of-way.

*Procedure for Disbursement*

Having now resolved the issue of just compensation, the Court turns to apportionment and disbursement. Undoubtedly, this portion of the proceeding is more complex due to the ownership of the parcel being unknown. However, the Court recognizes that "[a]fter a deposit, the court and attorneys must expedite the proceedings so as to distribute the deposit and to determine and pay compensation." FED. R. CIV. P. 71.1(j)(2).

This Court has previously addressed similar situations in other TVA eminent domain cases. *See U.S. Upon Relation of Tenn. Valley Auth. v. An Easement and Right-of-Way Over .24 Acre of Land in Tallahatchie County, Miss.*, 2019 WL 3849163 (N.D. Miss. Aug. 15, 2019); *see also U.S. Upon Relation of Tenn. Valley Auth. v. Easements and Rights-of-Way Over a Total of 2.48 Acres*

*of Land in Clay Cnty., Miss.*, 2020 WL 5517672 (N.D. Miss. Sept. 14, 2020). In both of those cases, this Court adopted a procedure adopted by the Middle District of Georgia in *Sabal Trail Trans., LLC v. Real Estate*, 2017 WL 3599163, at *1 (M.D. Ga. Aug. 21, 2017). Under that procedure, the funds remain on deposit until further Order of the Court. *Id*. at *2. The named Defendants, or any other named or unnamed person who claims interest in the compensation, can then seek disbursement of the compensation by filing an application with the Court accompanied by the following: the necessary tax-identification information and adequate documentation confirming entitlement to the claimed share of the compensation. *Id*.

The Court also notes that this procedure is supported by the Declaration of Taking Act, which in pertinent part provides that "[o]n application of the parties in interest, the court may order that any part of the money deposited in the court be paid immediately for or on account of the compensation to be awarded in the proceeding." 40 U.S.C. §3114(c). The Act also directs the Court to enter judgment against the Government for a deficiency "[i]f the compensation finally awarded is more than the amount of money received by any person entitled to compensation[.]" *Id*. The Court sees no reason why this procedure should not be applied in this case.

*Conclusion*

TVA's Motion for Summary Judgment on the Issue of Just Compensation [27] is GRANTED. The Court accepts TVA's valuation of $10,350.00 for the easement and right-of-way at issue in this case.

In order to resolve the apportionment issue, the Court adopts the procedure set forth above. The named Defendants, or any other named or unnamed person who claims interest in the compensation, will be provided an opportunity to seek disbursement by filing a written request with this Court with the necessary information and documentation demonstrating that they are

entitled to their claimed share of the compensation. To accomplish that procedure, TVA is hereby ordered to provide the Court with a list of the last known addresses for all Defendants within twenty-one (21) days.[1] A separate Order specifically concerning the Procedure for Disbursement will be entered after receipt of the addresses.

    SO ORDERED, this the 17th day of November, 2021.

/s/ Sharion Aycock             
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that Antal's Declaration [26] included addresses for many of the potential claimants. TVA should update this list to the greatest extent possible (if necessary) and provide the updated list to the Court via email.